**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

December 16, 2021

333 EARLE OVINGTON BLVD.
SUITE 901
UNIONDALE, NEW YORK 11553

**VIA ECF**

**DANIEL S. HALLAK**
SENIOR COUNSEL
DIRECT:  516.880.8387
FAX:     516.880.8483
DHALLAK@HARRISBEACH.COM

Hon. Joan M. Azrack
United States District Judge
United State District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

      RE:    **Geoffrey T. Mott v. Jose Goncalves, et al.**
              **EDNY Case No.: 21-cv-1949 (JMA)(ARL)**

Dear Judge Azrack:

     This firm is counsel to the Defendants, Jose Goncalves (hereinafter, "Goncalves") and Goncalves Construction Corporation (hereinafter, "GCC") (collectively, the "Defendants"), in the above-referenced case. We write in response to the request by Plaintiff for a pre-motion conference to discuss filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

**Nature of the Action:**

     The Complaint spans seventeen (17) pages at length and alleges twelve (12) causes of action in an attempt to hold Defendants liable for the alleged disposal of hazardous substances on Plaintiff's property. The limited facts, as alleged, are as follows: (1) in 2015, Plaintiff contracted the Defendants to perform masonry work around the pool at his property, (Compl. ¶11); (2) Defendants used Plaintiff's property to dump "hazardous substances" for a period of two years, (Compl. ¶¶12-13); (3) Plaintiff continuously asked whether the material was clean and legal throughout the two years, (Compl. ¶¶15-17); (4) the New York State Department of Environment Conservation (hereinafter, "DEC") law enforcement officers appeared at Plaintiff's house to advise him that he was in violation of New York State law for operating a solid waste management facility without a permit, (Compl. ¶¶ 19, 20); and (5) Plaintiff has incurred and will continue to incur unspecified costs and expenses.[1] (Compl. ¶¶ 2, 3 and 25).

**Procedural Background:**

     Plaintiff commenced the instant action by filing a Complaint alleging three claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), a claim under the Resource Conservation and Recovery Act ("RCRA"), a claim under Section 37-

---

[1] Costs related to a regrading permit bear no nexus to "response costs" pursuant to CERCLA, defined as "remove, removal, remedy, and remedial action." 42 U.S.C. § 9601(25); see Leonard Partnership v. Chenango, 779 F. Supp. 223, 230 (NDNY 1991) (finding "no relationship whatsoever" between engineering fees incurred in connection with a land use application.)

December 16, 2021
Page 2



0107 of the New York Environmental Conservation Law ("ECL") and pendent state law claims sounding in fraud, trespass, negligence, indemnification/restitution and defamation. (DE No. 1)

      Defendants filed a letter motion requesting a pre-motion conference for permission to file a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (DE No. 11). On August 10, 2021, the parties appeared for an Initial Conference in front of Magistrate Judge Lindsay and entered into a Scheduling Order, prioritizing paper discovery during the pendency of Defendants' anticipated motion. (DE No. 17). On November 17, 2021, the parties appeared for a pre-motion conference. (DE No. 22). At the conference, Your Honor denied Defendants' request to file a motion to dismiss, without prejudice, so that the parties can complete paper discovery and be in a better position discuss settlement at the next conference, currently scheduled for December 17, 2021. (DE No. 22).

      On December 2, 2021, Plaintiff provided incomplete, contradictory responses to Defendants' First Set of Interrogatories. On December 7, 2021, Defendants served an Interrogatory Deficiency Letter in a good faith attempt to receive complete responses so that Defendants can defend against the allegations in the Complaint and determine the existence of any potentially responsible parties. As of the date of this letter, Plaintiff has not supplemented any of his responses.

      On December 8, 2021, Plaintiff provided responses to Defendants' First Demand for Production of Documents, which failed to attach a single document that was not previously disclosed in Plaintiff's Initial Disclosures. Defendants are in the process of writing a Discovery Deficiency Letter in a good faith attempt to receive complete responses.

      On December 15, 2021, Plaintiff filed a letter requesting a pre-motion conference for permission to file a motion for summary judgment in the event that a settlement is not reached at the conference scheduled for December 17, 2021. (DE No. 23).

**Plaintiff's Anticipated Summary Judgment Motion:**

      A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. See Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When a court is confronted with facts that permit several different conclusions, all inferences from the underlying facts must be drawn in the nonmovant's favor. Quaratino v. Tiffany & Co., 71 F.3d 58, 64 (2d Cir. 1995). While Courts have recognized that summary judgment is a powerful tool in the CERCLA context that can "avoid lengthy and perhaps needless litigation…[i]t's utility in CERCLA litigation is not a license to use it when material facts are genuinely disputed." B.F. Goodrich v. Betkoski, 99 F.3d 505, 521 (2d Cir. 1996) (internal citations omitted)

December 16, 2021
Page 3



    Applying these principles to the instant matter, it is respectfully submitted that summary judgment would is premature at this stage in the proceedings. The parties' are still conducting Phase I discovery to determine the existence of any potentially responsible parties.

    Specifically, Defendants served targeted interrogatories to Plaintiff to determine the existence of any potentially responsible parties. In response, Plaintiff failed to list a single entity—other than Defendants—that performed <u>any</u> work to his backyard, the swimming pool located therein or other parts of the Property.[2] Since Plaintiff has owned this house for approximately 30 years, Defendants find it incredible that they are the only one who has performed any work to the Property. As a result, Defendants have been blocked from seeking relevant discovery into information that rests solely in Plaintiff's possession, custody and control, making summary judgment premature at this time.

    Put simply, discovery is required to determine the extent of Defendants' CERCLA liability, if any. The Complaint fails to provide Defendants with notice of any unlawful conduct that would give rise to liability under each cause of action. Glaringly absent, is the identification of any actionable hazardous substances under CERCLA or the RCRA, identification of any CERCLA response costs outside of a fine and associated costs for a regrading permit issued by the Town of Huntington or any allegations that Defendants had knowledge that the substances were in fact hazardous. <u>See</u> <u>Cooper Crouse-Hinds v. City of Syracuse</u>, 2021 U.S. Dist. LEXIS 204810, *53 (NDNY Oct. 5, 2021) ("intentional steps to dispose of a hazardous substance… require knowledge that the disposal was of a hazardous substance.") (citations omitted).

    Notwithstanding the above, Plaintiff's claim under the RCRA fails, since the Complaint alleges only wholly past violations of RCRA's open dump prohibitions, which admittedly ceased in 2017. (Compl. ¶¶12-13). <u>See</u> <u>June v. Town of Westfield</u>, 370 F.3d 255, 259 (2d Cir. 2004) (dismissing RCRA open dumping claim where plaintiff did not allege that, at the time the suit was filed, defendants continued to introduce substances into the environment.) In addition, the cause of action under ECL § 37-0107 fails since the ECL does not authorize a private right of action. <u>See</u> <u>Fitzgibbons v. City of Oswego</u>, 2011 U.S. Dist. LEXIS 143772, *39, 2011 WL 6218208 (NDNY December 13, 2011). Lastly, Plaintiff's state law claims for negligence, abnormally dangerous activity, trespass and slander are all time-barred or, in the alternative, fail to state a cause of action. <u>See</u> CPLR § 214.

    For the foregoing reasons, Defendants submit that any motion for summary judgment would be premature at this time.

    Respectfully,

    HARRIS BEACH PLLC

---

[2] Plaintiff also responded that Defendants trucked contaminated fill containing <u>chlorine</u> to the Property, even though no chlorine presence was noted by the New York State Department of Environmental Conservation.

December 16, 2021  
Page 4



                                                                         <u>/s/ Daniel S. Hallak</u>  
                                                                         Daniel S. Hallak

DSH:ab

cc:     Andrew Kazin, Esq. (*via ECF*)